**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re ROLAND CHARLES DENSON, | ) | Case No. 13-61602-LYN |
| JR., and PAMELA JOCELYN | ) | |
| ADRIENNE HEATH, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

## <u>MEMORANDUM</u>

This matter comes before the court on a motion by Pamela Jocelyn Adrienne Heath (Ms. Heath) to extend the time by which she is required to complete the credit counseling course required by 11 U.S.C. § 109(h).

### *Jurisdiction*

This court has jurisdiction over these matters. 28 U.S.C. §§ 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Accordingly, this court may render a final order. This memorandum shall constitute the court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52 which is made applicable in this contested matter by Fed. R. Bankr. P. 9014(c) and 7052.

### *Facts*

On August 6, 2013, Roland Charles Denson, Jr., ("Mr. Denson") and Pamela Jocelyn Adrienne Heath (collectively, "the Debtors") filed a Chapter 13 petition initiating the above-styled bankruptcy case. Also on August 6, 2013, Mr. Denson filed a statement that he had complied with the requirements concerning pre-petition credit counseling, as required by 11

1

U.S.C. § 109.  Ms. Heath filed a Statement of Compliance with Credit Counseling Requirement,

in which she checked the box that states: "I certify that I requested credit counseling services

from an approved agency but was unable to obtain the services during the seven days from the

time I made my request, and the following exigent circumstances merit a temporary waiver of

the credit counseling requirement so I can file my bankruptcy case now."  Ms. Heath explained:

> My employment schedule did not allow adequate time to complete the credit counseling
> before having to file this bankruptcy petition to prevent my wages from being garnished
> and my assets and bank accounts levied.   I will complete the counseling within 30 days
> of this petition filing.

Ms. Heath completed a portion of the course at the same time that Mr. Denson did.  It was

determined at the hearing on this matter that she had to leave that session before it finished in

order to provide services at the medical clinic at which she works. Mr. Denson later shared the

information with her that she missed by leaving early.  Within 30 days of the petition date, Ms.

Heath completed the credit counseling course and filed a certificate of completion as required by

11 U.S.C. § 109(h).

### *Discussion*

The Court concludes that Ms. Heath met the requirement under Section 109(h) by

complying with Section 109(h)(3).  The Bankruptcy Code provides three circumstances[1] under

---

[1]  Section 109(h)(2)-(4) provides.

(2)       (A) Paragraph (1) shall not apply with respect to a debtor who resides in a district for which the
United States trustee (or the bankruptcy administrator, if any) determines that the approved nonprofit
budget and credit counseling agencies for such district are not reasonably able to provide adequate services
to the additional individuals who would otherwise seek credit counseling from such agencies by reason of
the requirements of paragraph (1).
          (B) The United States trustee (or the bankruptcy administrator, if any) who makes a determination
described in subparagraph (A) shall review such determination not later than 1 year after the date of such
determination, and not less frequently than annually thereafter. Notwithstanding the preceding sentence, a
nonprofit budget and credit counseling agency may be disapproved by the United States trustee (or the
bankruptcy administrator, if any) at any time.
(3)       (A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to

which a debtor is not required to file a Certificate of Completion of Counseling with his or her

petition.  Only the second exception is relevant to this discussion.[2]  The second exception

provides that the debtor may obtain credit counseling during the first 30-day period post-petition

*if* he or she files a certificate ("Certificate in Support of Temporary Waiver of Completion of

Counseling") *that is satisfactory to the court* that (a) describes exigent circumstances that merit a

waiver of the requirement of Section 109(h)(1), and (b) states that the debtor requested credit

counseling services from an approved nonprofit budget and credit counseling agency, but was

unable to obtain such counseling during the 7-day period beginning on the date on which the

debtor made that request.  11 U.S.C. § 109(h)(3).

    The Certificate in Support of Temporary Waiver of Completion of Counseling must be

filed with the petition.  That certificate must contain two statements.  In the first statement, the

---

a debtor who submits to the court a certification that–
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
> (iii) is satisfactory to the court.

(B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

(4)     The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

[2]The first exception provides that Paragraph 109(h)(1) does not apply in a district in which the United States Trustee has determined that no qualified nonprofit budget and credit counseling agency is available, including by internet or telephone.  See 11 U.S.C. § 109(h)(2). The third exception is extended to a debtor who is unable to complete the requirement of Paragraph 109(h)(1) because of incapacity, disability or active military duty in a military combat zone.  See 11 U.S.C. § 109(h)(4).

3

debtor must describe the exigent circumstances that merit a waiver of the credit-counseling requirement.  In the second statement, the debtor must certify that he or she attempted to obtain counseling, but was told that it would not be available for seven days from the date of the request.

If a debtor indicates on his or her petition that he or she is requesting a waiver and if he or she files Certificate in Support of Temporary Waiver of Completion of Counseling, then the debtor may obtain credit counseling within the first thirty days[3] post-petition if the Court is satisfied that the described circumstances constitute exigent circumstances.  Upon the completion of credit counseling, the debtor must file a Certificate of Completion of Counseling.

If the debtor is not exempt from obtaining credit counseling under Paragraph 109(h)(2) or (4), and the debtor does not comply with the requirement set forth in Paragraph 109(h)(1), then, in order to be eligible to file a petition, the debtor must:

- Indicate on the petition that the debtor is eligible for a wavier on the basis of exigent circumstances;

*and*

- File, with his or her petition, a Certificate in Support of Temporary Waiver of Completion of Counseling that:

    (I) describes exigent circumstances that merit a waiver of the requirement of Section 109(h)(1), and

    (II) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable

---

[3]  The court may extend the deadline for completing counseling by an additional fifteen days for cause.  11 U.S.C. §109(h)(3)(B).

4

to obtain such counseling during the 5-day period beginning on the date

on which the debtor made that request.

109(h)(3).  If the debtor is not exempt from obtaining credit counseling under Paragraph

109(h)(2) or (4), and the debtor does not comply with Paragraph 109(h)(3), then the debtor is not

eligible to file a petition and the case must be dismissed.

*Timing of the Debtor's Certificate in Support of Temporary Waiver of Completion of Counseling*.   Ms. Heath filed a document entitled "Certificate of Exigent Circumstances that Merits a Waiver from Complying with the Credit Counseling Requirement" with her petition. The first element is met.

*The Merits of the Debtor's Certificate in Support of Temporary Waiver of Completion of Counseling*.  Ms. Heath asserts in the certification that her employment schedule did not allow adequate time to complete the credit counseling before having to file this bankruptcy petition to prevent her wages from being garnished and her assets and bank accounts levied.  Given the importance of her occupation to others, the Court finds the reason to be meritorious.

*Availability of Credit Counseling.*  A debtor, as part of his or her certification in support of a waiver must certify that he or she "requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph [109(h)](1) during the 7-day period beginning on the date on which the debtor made that request."  In this case, Ms. Heath not only attempted to obtain counseling, she took the step of attending the course, only to be drawn away by her occupational obligations. Furthermore, Mr. Denson represented at the hearing that before filing the petition initiating this case he had reviewed with his wife, Ms. Heath, the information which he had received in the

sessions or parts of sessions that she had been unable to complete due to her professional

obligations.  Given the nature of her occupational services, the Court is convinced that her

reason for not completing the counseling was that the service was not available to her at a time

she could complete it during a seven-day period.  In this case it is represented that Ms. Heath is a

licensed physician and the Court is satisfied that when this case was filed she understood the

nature of what she was doing and the options available to her.  Finally, Ms. Heath has completed

the course during the thirty-day period post-petition and has filed a certificate affirming the

same.

Accordingly, the Court concludes that the Congressional purpose in creating the

counseling requirement has been for all practical purposes fulfilled.

An appropriate order shall issue.

Upon entry of this memorandum, the Clerk shall forward a copy to the chapter 13 trustee,

and the Debtors.

Entered on this 3rd day of October, 2013.

William F. Stone, Jr.
United States Bankruptcy Judge