# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

In re ROLAND CHARLES DENSON, ) Case No. 13-61602-LYN
JR., and PAMELA JOCELYN )
ADRIENNE HEATH, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Debtors. )
　　　　　　　　　　　　　　　　　　　)

## MEMORANDUM and ORDER

This matter comes before the court on the Chapter 13 Trustee's motion to show cause why the above-styled case of Pamela Jocelyn Adrienne Heath and Roland Charles Denson, Jr., ("the Debtors") should not be dismissed.

### *Jurisdiction*

This court has jurisdiction over these matters. 28 U.S.C. §§ 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Accordingly, this court may render a final order. This memorandum shall constitute the court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52 which is made applicable in this contested matter by Fed. R. Bankr. P. 9014(c) and 7052.

### *Facts*

The Debtors are not represented by counsel. On August 6, 2013, the Debtors filed a Chapter 13 petition initiating the above-styled bankruptcy case. On August 28, 2013, the Debtors filed a proposed Chapter 13 plan ("the Plan") and the matter was set down for hearing on October 9, 2013. On October 2, 2013, the Chapter 13 trustee filed a Report and Objections

Following Meeting of Creditors ("the Report and Show Cause").  In the Report and Show Cause, the trustee objected to the confirmation of the Debtors' Plan on the grounds that (1) the Plan discriminates unfairly against a designated class of unsecured claims 11 U.S.C. § 1322(b)(1); (2) the Plan fails to properly provide for the retention of a lien by an allowed secured claim holder 11 U.S.C. § 1325(a)(5)(B)(i); (3) the Debtors have not filed all applicable Federal, State and local tax returns (§ 1308) 11 U.S.C. § 1325(a)(9); (4) the Plan fails to provide that all of the Debtors' projected disposable income in the applicable commitment period will be applied to plan payments 11 U.S.C. § 1325 (b)(1)(B); and (5) the Debtors are in default of payments to the trustee.  The Report and Show Cause also noted that the Debtors have failed to provide the trustee with (1) a copy of all of the Debtors' pay stubs, operating statements (if self employed), retirement checks, or government benefits (Social Security, Unemployment, Insurance, etc.) received in the 60 day period before this case was filed; (2) a copy of their Virginia tax returns for 2011 and 2012; (3) the questionnaire sent to the Debtors by the Trustee (with all questions answered); (4) a copy of the Debtors' 2012 federal income tax return; (5) a pre-confirmation affidavit; and (6) Schedule D.

As of the date of the hearing on confirmation, creditors had filed proofs of claims in the total amount of $431,494.58.

## Discussion

Given the complexity of this case and the difficulty that the Debtors have experienced thus far in the prosecution of this case, the Court concludes that it is unlikely that the Debtors will be able to file a confirmable plan without the assistance of counsel.  Furthermore, based on claims filed in this case, there appears to be a substantial question as to whether the female

Debtor as a result of the amount of her educational debt is even eligible to proceed in Chapter 13. Accordingly, the Debtors will be granted the opportunity to confer with legal counsel to advise them in the prosecution of this case.

For the reasons stated herein, and for good cause appearing, it is

**O R D E R E D**

**that confirmation of the Plan is DENIED but the Debtors are hereby granted until November 6, 2013 to file with the Clerk of this Court a modified Plan or a motion to dismiss their case or a motion to convert their case to Chapter 7, upon failure of any of which this case shall be dismissed by means of the Court's standard dismissal order without further notice or hearing. It is further ORDERED that the Clerk shall set consideration of said proposed plan down for hearing on this Court's Danville Docket and that the Trustee's Report and Show Cause shall be continued to the same date as the date on the hearing of any modified Plan that is filed by the Debtors.**

Upon entry of this memorandum and order, the Clerk shall forward a copy to the Chapter 13 trustee, and the Debtors.

Entered on this 11th day of October, 2013.

_____
William F. Stone, Jr.
United States Bankruptcy Judge